**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elkino Denardo Dawkins, Sr., | No. CV-21-00287-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Sandra Jones, et al., | |
| Defendants. | |

Plaintiff Elkino Denardo Dawkins, Sr., filed a Complaint in this Court on July 21, 2021. (Doc. 1). He also filed an Application to Proceed In Forma Pauperis and lodged an affidavit of inability to pay costs or give security for the commencement of this action. (Doc. 2). On October 19, 2021, after failing to complete a Magistrate Election Form, pursuant to LRCiv. 3.7(b), and failing to appear at an Order to Show Cause hearing, the case was referred to Magistrate Judge Markovich for a Report and Recommendation (R&R). (Doc. 10).

On February 24, 2022, the Magistrate Judge issued a Report and Recommendation (R&R) that explains the Plaintiff alleges his claim is based on diversity jurisdiction but then provides a Tucson, Arizona, resident address, which conflicts with his assertion that he is a citizen of Florida. *See also* (Application for IFP (Doc. 2) at 5) (asserting he is a homeless student, resident of Arizona).The Magistrate Judge recommended the Court grant Plaintiff permission to proceed *in forma pauperis* but dismiss the Complaint with leave to amend to make the assertion of jurisdiction clear. The Complaint also fails to comply with

Rule 8 of the Federal Rules of Civil Procedure which provides that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8(a)(2). The purpose of Rule 8 is to prevent vague and ambiguous claims and ensure that defendants will be able to frame a responsive pleading. In short, the Plaintiff's Complaint contains absolutely no factual allegations.

A copy of the R&R was sent to the Plaintiff, and he was given notice that, pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, he had 14 days to file an objection and that failing to object to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Plaintiff did not file any objection.

The Magistrate Judge recommends dismissing the Complaint, with leave to amend to correct the pleading deficiencies. An in forma pauperis, pro se litigant should be given an opportunity to amend the compliant to overcome a deficiency unless it is clear that no amendment can cure the defect. *See eg., Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute, *Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000) (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under Prisoner's Litigation Reform Act).

"District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131, n.13 (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel) (citing *Noll*, 809 F.2d at 1448)). So, while the Court may not serve as advocate for the pro se litigant nor act as legal advisor, the Court will explain the pleading deficiencies and afford the pro se litigant an opportunity to amend the Complaint. *Noll*, 809 F,2d at 1448.

The Amended Complaint must clear up the question of Plaintiff's citizenship; whaat makes him a citizen of Florida if he is residing in Arizona. To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989). The person's state citizenship is determined by his or her state of domicile, not the state of residence. A person's domicile is their permanent home, where they reside with the intention to remain or to which they intend to return. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a particular state is not necessarily domiciled there and not necessarily a citizen of that state. *See, e.g., Weible v. United States*, 244 F.2d 158, 163 (9th Cir.1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.") "It is often said that a person may have several 'residences' but only one 'domicile'. '* * * 'Domicile' is a larger term, of more extensive signification, and has been said to be used more in reference to personal rights, duties, and obligations; and residence is of a more temporary character than domicile. *McIntosh v. Maricopa Cty.*, 241 P.2d 801, 802 (Ariz. 1952) (citing 28 C.J.S., Domicile, § 2a, page 5)..

Plaintiff bears the burden of proof, *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 858 (9th Cir. 2001) (citing *Lew*, 797 F.2d at 749)). To the extent the Plaintiff failed to allege Plaintiffs' state citizenship, his assertion of federal jurisdiction fails, but may be cured by amendment. *Kanter*, 265 F.3d at 857-858 (citing 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Jacobs v. Patent Enforcement Fund, Inc*., 230 F.3d 565, 568 n.3 (2d Cir. 2000) ("[A]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction."); see also 15 James Wm. Moore et al., Moore's Federal Practice § 102.17[1], at 102–31 (3d ed. 2001) ("Moore's"9th Cir. 2001)). Because diversity jurisdiction depends on domicile, the pleadings, including the Notice of Removal, shall be amended to allege the Plaintiff's domicile, i.e., state citizenship.

To comport with Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff must amend the Complaint by including sufficient factual details so that this Court can determine each claim existing against each Defendant. The Plaintiff must refer by name to particular Defendants, whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance. *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). At the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a claim exists. This does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Id*. at 1966. "[F]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id.* at 1965. *See also* (R&R (Doc. 11) at 3-4 (identifying Complaint's failure to "state what, where, when, or how or what the defendants did to make them liable and thus lacks sufficient factual allegations to move beyond the level of speculation. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (the complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery)").

While pro se pleadings must be liberally construed, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), pro se plaintiffs are not relieved of their obligation to plead a plausible claim for relief. Therefore, the Plaintiff's failure to comply with the directives issued herein for amending his Complaint shall result in this case being dismissed and closed.

**Accordingly**,

**IT IS ORDERED** that after a de novo review of the Complaint, the Court adopts the findings of fact and conclusions of law set out in the Report and Recommendation (Doc. 11) as its own.

**IT IS FURTHER ORDERED** withdrawing the reference to Magistrate Judge Markovich; this matter shall proceed before the Honorable David C. Bury, with the case designation for all future filings to be: CV 21-287 TUC DCB.

**IT IS FURTHER ORDERED** that the Motion to Proceed In Forma Pauperis (Doc. 2) is GRANTED and the Plaintiff may proceed in forma pauperis, without prepayment of fees and costs or security therefor, and the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall date the Complaint as filed on the day that the Clerk of the Court received it. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

**IT IS FURTHER ORDERED** dismissing the Complaint, *sua sponte,* with leave to file an Amended Complaint by May 26, 2022.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT.  The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant.  THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE.  Local Rule 7.1(d)(1)

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint by May 26, 2022.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, he must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules).  Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may

dispose of the motion summarily."

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, pursuant to his *in forma pauperis* status, the Court shall order the United States Marshall to serve the Amended Complaint; he shall be required to prepare the service packets for the United States Marshall to effect service. The Plaintiff must comply with the rules of service, Fed. R. Civ. P. 4-6. He shall be responsible for serving upon Defendants or upon their counsel, a copy of every further document submitted to the Court.  Plaintiff shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel.  The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

**IT IS FURTHER ORDERED** that the Plaintiff shall not have any ex parte communications with this Court, including telephone calls and letters.

Dated this 9th day of May, 2022.

Honorable David C. Bury
United States District Judge